**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ALEXIS NASH, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>JOLT PARTNERS, INC d/b/a LISA WOLF TEAM,<br><br>Defendant. | Case No. |

## CLASS ACTION COMPLAINT

### Background

1. Alexis Nash ("Plaintiff") brings this class action against Jolt Partners, Inc. d/b/a Lisa Wolf Team ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and alleges as follows:

2. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

3. Plaintiff brings this action under the TCPA based on Defendant's use of artificial or prerecorded voice messages to advertise its residential real estate services to cellular telephone subscribers who had not provided prior express written consent to receive such telemarketing calls.

4. Defendant utilized artificial or prerecorded voice messages as part of its marketing efforts to solicit prospective customers for its residential real estate services. Plaintiff brings this action on behalf of herself and other persons who received similar unlawful telemarketing calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## **Parties**

6. Plaintiff Alexis Nash is an individual.

7. Defendant Jolt Partners, Inc. d/b/a Lisa Wolf Team is a corporation headquartered in Libertyville, Lake County, Illinois. Which is also located within this District.

## **Jurisdiction & Venue**

8. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

9. This Court has personal jurisdiction over Defendant because Defendant maintains its headquarters and conducts business within this District and directed the challenged telemarketing call to Plaintiff within this District.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District for purposes of venue. Venue is independently proper pursuant

to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, including Plaintiff's receipt of the challenged prerecorded telemarketing call.

## **Factual Allegations**

11. Defendant markets residential real estate brokerage services to prospective buyers and sellers, including through outbound telephone calls.

12. As part of these marketing efforts, Defendant utilized artificial or prerecorded voice messages to contact prospective customers and encourage them to engage with Defendant concerning its real estate services.

13. The call occurred on at least February 2, 2025.

14. The voicemail identified the caller as a representative of the Lisa Wolf Team and purported to follow up on a previous "Up City Market VIP inquiry."

15. Plaintiff had not submitted any such inquiry, had not requested information concerning Defendant's residential real estate services, and had not authorized Defendant to contact her using an artificial or prerecorded voice.

16. The voicemail was artificial or prerecorded in nature. The message was delivered in a uniform and automated manner, with a tone, cadence, speech pattern, wording, and pauses consistent with a recorded message rather than a live conversation.

17. The voicemail was made for a telemarketing purpose because it was intended to initiate or continue a commercial relationship between Plaintiff and Defendant concerning Defendant's residential real estate brokerage services.

18. By representing that Plaintiff had previously submitted an inquiry, the message sought to encourage Plaintiff to engage with Defendant concerning its real estate services, notwithstanding that Plaintiff had made no such inquiry.

19. Plaintiff did not provide Defendant, or any person acting on Defendant's behalf, prior express written consent authorizing telemarketing calls to her cellular telephone number using an artificial or prerecorded voice. The call was not made for emergency purposes.

20. Plaintiff had no prior business relationship with Defendant and had not requested that Defendant contact her concerning residential real estate services.

21. The call invaded Plaintiff's privacy, interrupted her use and enjoyment of her cellular telephone, and caused annoyance, inconvenience, and a nuisance.

## **Class Action Statement**

22. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

23. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

24. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **Robocall Class:** Plaintiff and all persons within the United States: (1) to whose cellular telephone numbers (2) Defendant, or a third party on their behalf, placed a call using artificial or pre-record messages (3) that advertised, or were intended to advertise, Defendant's services (3) within the four years prior to the filing of the Complaint.

25. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

26. Excluded from the Class are counsel, Defendant, and any entities in which Defendants have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

27. Plaintiff and all members of the Class have been harmed by the acts of Defendants, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

28. This Class Action Complaint seeks injunctive relief and money damages.

29. The Class as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

30. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

31. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

32. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

33. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

34. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

a. Whether Defendant made calls using artificial or prerecorded voices to Plaintiff;

b. Whether Defendant's conduct constitutes a violation of the TCPA; and

c. Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

35. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

36. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

37. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendants and/or their agents.

38. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

39. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227(b))**
**(On Behalf of Plaintiff and the Robocall Class)**

40. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

41. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, with an artificial and/or pre-recorded voice message to protected telephone numbers.

42. The Defendant's violations were negligent, willful, or knowing.

43. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

44. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making pre-recorded calls, except for emergency purposes, to any protected telephone number in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from using artificial or prerecorded voices to contact cell phones and other protected lines, except for emergency purposes, in the future;

B. That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff is a

proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; AND

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: November 23, 2026

Plaintiff,
By Counsel,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com

*Attorney for Plaintiff and the Proposed Class*